UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>MARITZA RODRIGUEZ LAMPLE<br>IGNACIO CUSTODIO MUNOZ<br><br>  Debtors | Case No. 98-02737-ESL<br>Chapter 13 |
| In re<br><br>MIGUEL ANGEL CRUZADO MIRANDA<br><br>  Debtor | Case No. 04-10785-SEK/JG<br>Chapter 7 |
| MARITZA RODRIGUEZ LAMPLE<br>IGNACIO CUSTODIO MUNOZ AND<br>THE LEGAL COMMUNITY BETWEEN<br>THEM<br><br>MIGUEL ANGEL CRUZADO MIRANDA<br><br>  Plaintiffs<br><br>v.<br><br>BANCO DE SANTANDER DE PUERTO<br>RICO, WORLDWIDE ASSET<br>PURCHASING, LLC, AND UNITED<br>COLLECTIONS BUREAU, INC.<br><br>  Defendants | Adv. Proc. No.: 07-00092-ESL<br>(consolidated with Adv. Proc. No. 07-00093) |

OPINION AND ORDER

Before the court is the motion and supporting memorandum to stay discovery, class certification and all pre-trial deadlines pursuant to Fed.R.Civ.P. Rule 26(c), filed on April 16, 2008 by Worldwide Asset Purchasing, LLC ("Worldwide"), and United Collection Bureau ("United Collection") (jointly, the "Moving Defendants"). (Dkt. 60, 61) (the "Motion to stay").[1] The third named defendant, Banco de Santander de Puerto Rico ("Santander"), did not separately move or join

---

[1] Rule 26(c) is extensive to bankruptcy proceedings pursuant to Bankruptcy Rule 7026. Matters in the docket shall be referred to as "Dkt.___".

the Motion to stay filed by the Moving Defendants. (together with Santander, the "Defendants") For the reasons set forth below, the Motion to stay is denied.

***Relevant Facts And Procedural History***

This is a consolidated adversary proceeding stemming from the Chapter 13 case of Maritza Rodriguez Lample and Ignacio Custodio Munoz, Case No. 98-02737-ESL, and the Chapter 7 case of Miguel Angel Cruzado Miranda, Case No. 04-10785-SEK/JG. (The "Plaintiffs"). The Plaintiffs filed the instant class action complaint alleging violations of the discharge injunction codified in 11 U.S.C. § 524(a)(2) of the Bankruptcy Code (the "Code"), various sections of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. (the "FDCPA"), and for injunctive relief from further violations of the Code. The complaint was filed on April 5, 2007. (Dkt. 1). According to the complaint, Santander filed claims in the Plaintiffs' bankruptcy cases which, as provided for in their cases, were discharged in 2003 and 2005, respectively. (the "discharged debt") Santander had actual or constructive notice of Plaintiffs' discharge. The Plaintiffs allege that during or after their cases, but certainly on or before April 6, 2006, Santander sold or otherwise transferred the discharged debt to Worldwide, which in turn sold or otherwise transferred the discharged debt to United Collections. On various dates in April, May and June 2006, the Plaintiffs received letters from United Collections concerning the discharged debt. (the "Collection Letters"). Plaintiffs claim that the Defendants have a regular "policy or practice" of collecting discharged debt from similarly situated debtors, and seek damages and injunctive relief for themselves and on behalf of all similarly situated debtors. (Dkt. 1).

Plaintiffs filed their opposition to the Motion to stay on May 8, 2008. (Dkt. 64) ("Plaintiff's Opposition"), and the Moving Defendants filed a Reply on May 20, 2008. (Dkt 68) (Moving Defendants' Reply"). On even date with the Motion to stay, the Moving Defendants filed a motion and memorandum to dismiss the complaint pursuant to Rule 12(b) subsections (1) and (6) of the Federal Rules of Civil Procedure. (Dkt. 58, 59) (the "motion to dismiss"). Plaintiffs' opposition to dismissal is due on May 28, 2008. The Moving Defendants claim that a stay is proper is this case because there are "dispositive legal issues" concerning Plaintiffs' claims. (Dkt. 60 at 2). Accordingly, discovery is not necessary in order for Plaintiffs to respond to the "legal issues" raised in the Moving

Defendants' motion to dismiss. [2] (Id.). Therefore, "in the interests of judicial economy," the stay should be granted in order to save time and expense. (Id. at 6).

Plaintiffs oppose the Motion to stay on several grounds. First, Plaintiffs question the timeliness of the Motion to stay because it contravenes the terms of the Joint Case Management Schedule (Dkt. 51) filed by the parties and approved by the court. (the "Schedule") (Dkt. 64 at 3). Pursuant to the Schedule, discovery closes on July 15, 2008; depositions by June 8, 2008, and dispositive motions are due by September 8, 2008. (Id.). Plaintiffs also assert that the Defendants filed answers to the complaint, and "substantial" activity has occurred in the year since the action was filed. (Id. at 2, 7). Relying on Defendants' answers, Plaintiffs served interrogatories and requests for production in February 2008. Plaintiffs granted the Moving Defendants a 30-day extension of time to respond, making their responses due on April 16, 2008. On that date, the Moving Defendants filed the motions to stay and to dismiss. Santander did not request an extension and is in default of discovery. (Id. at 3, f/n. 1). Plaintiffs argue that the motion to dismiss is "meritless" and will not dispose of Plaintiffs' case. (Id. at 2). Thus, the gist of Plaintiffs' Opposition is that the Motion to stay is a subterfuge intended to delay discovery, is untimely, contravenes the terms of the Schedule and will cause prejudicial and costly delay in the resolution of this case because the motion to dismiss lacks merit and will be denied.

***Standard for granting a Rule 26(c) protective order***

Federal Rule 26(c) "empowers the court to make a wide variety of orders for the protection of parties and witnesses in the discovery process." Wright & Miller, 8 *Fed. Prac. & Proc. Civ.2d* s. 2035, at 1 (2008 Thompson/West). "The rule requires that good case be shown for a protective order." *Id.* at 2. The burden is on the party seeking the protective order to establish good cause through "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements"... *Id.* The existence of good cause is "determined from the nature and

---

[2] The motion to dismiss seeks dismissal for failure to state a claim under § 524, citing the Plaintiffs' failure to allege that the Moving Defendants had actual notice about any aspect of the Plaintiffs' bankruptcy cases. (Dkt. 58 at 5-7). The Moving Defendants also claim that the court lacks subject matter jurisdiction over Plaintiffs' FDCPA claims because this is a post-discharge action and, therefore, those claims do not create "core" or "related to" jurisdiction under 28 U.S.C. 157. (Id. at 7-11).

character of the information sought by [the propounded discovery] weighed in the balance of the factual issues involved in each action." *Id.* (citation omitted). Generic averments of financial burden or expense caused by discovery are insufficient to meet the good cause requirement for a protective order; specific objections to particular requests for discovery are usually necessary in order to show good cause. *Id.* at 21. (citation omitted).

In this proceeding the Moving Defendants are not seeking a protective order against any particular request for production or other discovery requested or noticed by Plaintiffs. Instead, the Moving Defendants ask for an order staying all discovery until this court rules on their contemporaneously filed motion to dismiss the complaint. "When it is apparent that the plaintiff has failed to state a claim upon which relief can be granted, the defendant, in addition to moving to dismiss [under Rule 12(b)], can move for a protective order suspending discovery until the court decides the [motion to dismiss]." 10A *Fed. Proc., L. Ed.* § 26:296 (2008 Thompson Reuters/West). In this regard, the Motion to stay must relate the facts or legal theories in the motion to dismiss suggestive of the latter motion's potential to end the case or an important aspect of it. In order to obtain the stay order, the Moving Defendants must do more than merely "argue in conclusory fashion" that their motion will succeed. 8 *Fed. Prac. & Proc.* § 2035 at 20, *citing Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (D.C.Cal. 1990) (class action). Otherwise, granting the stay based on such "idle speculation... would undercut the Federal Rules' liberal discovery provisions." *Id.*

***Discussion***

The Moving Defendants are not asking for the typical "protective order" to protect them from annoyance, embarrassment, oppression, or undue burden or expense caused by Plaintiffs' requests for discovery. Instead, the Moving Defendants ask the court to stay discovery completely, until resolution of their motion to dismiss. Courts may stay discovery when faced with a dispositive motion. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D.Fla. 1997) (citation and quotation omitted) (denying motion to stay discovery pending resolution of motion to dismiss)."The moving party bears the burden of showing good cause and reasonableness." *Id.* However, staying discovery is not favored by courts, as it may cause needless waste of judicial and the litigants' resources and case management problems. *Id.* "As a result, a request to stay all discovery pending resolution of a

- 4 -

[dispositive] motion is rarely appropriate where resolution of the motion will not dispose of the entire case." *Id., citing Lugo v. Alvarado*, 819 F.2d 5 (1st Cir. 1987). Ordinarily, the court should not stay discovery aimed at gathering the facts necessary to defend against the dispositive motion. *Feldman*, 176 F.R.D. at 652. (citation omitted). The court must weigh the costs and burdens of proceeding with discovery and "balance the harm produced by a delay in discovery against the possibility that the [dispositive] motion will be granted and entirely eliminate the need for such discovery." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D.Fla. 2006). Therefore, in order to decide the instant Motion to stay, the court must take a "preliminary peek" at the merits of the motion to dismiss filed by the Moving Defendants. *Id.*; *Feldman,* 176 F.R.D. at 652. The stay should be denied if the motion to dismiss does not appear to be "clearly meritorious and truly case dispositive." *Id.* at 653.

In the motion to dismiss, the Moving Defendants correctly argue that "only willful violations of the [discharge] injunction imposed by § 524(a)(2) will warrant a finding of civil contempt." (Dkt. 58 at 5, citing cases). The elements of a § 524 violation are knowledge of the discharge order and that the creditor intended to commit the acts that violated the order. *See, In re Singleton*, 269 B.R. 270, 275 (Bkrtcy. D.R.I. 2001). In the First Circuit, bankruptcy courts have the power to utilize § 105 in enforcing § 524, and have the authority to hear class action lawsuits such as this one and to provide the same relief provided by the district courts. *Id.* at 277, *citing Bessette v. Avco Financial Services, Inc.*, 230 F.3d 439 (1st Cir. 2000).

A "preliminary peek" at the Moving Defendants' motion to dismiss reveals that it may partially dispose of this proceeding, but not entirely. In the motion to dismiss, the Moving Defendants raise the issue of lack of "notice" of any aspect of Plaintiffs' bankruptcy cases as a defense to Plaintiffs' section 524 claims. Specifically, the Moving Defendants argue that Plaintiffs' failed to plead notice, and that even if Santander had notice of the bankruptcies, such notice cannot be imputed to the movants. (Dkt. 58 at 6-7). However, the Moving Defendants have not alleged that they did not have notice of Plaintiffs' cases when they sent the Collection Letters, only that Plaintiffs did not so plead. Furthermore, Santander, who may clarify the notice issues concerning all Defendants, is in default of its duty to respond to Plaintiffs' discovery requests and is not a party to

- 5 -

the present Motion and to the motion to dismiss. For their part, the Moving Defendants have not produced anything in response to Plaintiffs discovery requests, other than these motions.[3] Finally, the Plaintiffs' assert that the Moving Defendants' knowledge can be "inescapably inferred" from the complaint and, at any rate, we agree that the issue is something that can be cured by amending the complaint. (Dkt. 64 at 5). *See, Singleton*, 269 B.R. at 274 (granting leave to amend if the plaintiff could, "in good faith", plead the "allegations and buzz words" necessary to state a claim for willful violation of § 362).

In summary, we find the Moving Defendants' "notice" defense is not clearly dispositive of this action. Critical, then, to the survival of the section 524 claims in the complaint is a determination of whether the Moving Defendants had notice of the fact that they were attempting to collect discharged debt. The existence of such evidence is something peculiarly within the Defendants' custody, possession and control, and Plaintiffs should be allowed to carry out their inquiry in that regard. Also, Plaintiffs' allegation that "The Defendants maintain a policy or practice whereby they attempt to collect discharged debts" (Dkt. 1, ¶ 43) may infer knowledge that the debts purchased were discharged.

The Moving Defendants also argue that the post-discharge FDCPA claims are beyond the "core" or "related to" jurisdiction of this court is not entirely without merit. However, reported Circuit Court decisions appear to be divided on this issue. Some hold that discharged debtors must find their remedies for the collection of discharged debt, if at all, under the law applying the provisions of Code § 524. *See, Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502 (9th Cir. 2002). However, and as the Plaintiffs point out, other decisions can be interpreted as holding that

---

[3] We take due notice for future reference of the Plaintiffs' objections to the timeliness of the Motion to stay and its alleged use as a dilatory tactic. (Dkt. 64 at 2,7). Rule 26(c) does not impose a deadline for filing and we find that the Motion to stay was timely filed. *See,* 10A *Fed. Proc., L.Ed.* § 26:296 at 1 ("Motions for a protective order must be made before or on the date the discovery is due."). But as the Plaintiffs' Opposition points out, the Moving Defendants were a party to the "Joint" (i.e., mutually agreed-upon) Schedule filed in this proceeding; they engaged in Rule 26 disclosures, answered the complaint, and requested an extension to produce discovery, which Plaintiffs' graciously granted them, thus avoiding costs and expenses in needless discovery disputes. Nevertheless, we stop short of holding that the Moving Defendants are estopped from filing these motions at the present time. *Lugo*, 819 F.2d at 7. Also, it appears that the Plaintiffs, too, have not responded to the Defendants' discovery requests. (Dkt. 68, Reply at 2). The parties are urged to allow the free-flow of properly requested discovery.

bankruptcy courts have concurrent jurisdiction to adjudicate claims under the Code and the FDCPA. (Dkt. 64 at 6). *See, Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004). Although we find that the apparent split of authority among the Circuits on this issue can be harmonized, at this time we express no view on the subject.

In this proceeding, Plaintiffs are in the process of gathering discovery pursuant to the approved terms of the Schedule. Plaintiffs also have not briefed their opposition to the motion to dismiss, which is due in a few days. Finally, though the parties do not discuss it, we must assume that Plaintiffs' requests are aimed at gathering evidence to support the merits of the legal claims as well as the claims for injunctive relief stated in the complaint. Therefore, granting "an unqualified stay of all discovery in this case would seriously curtail [the Plaintiffs'] opportunity to present an adequate opposition to the motion [to dismiss] itself [while the Moving Defendants] enjoy the advantage of a greater access and control over the evidence." *Lugo*, 819 F.2d at 6, 7 (dismissing interlocutory appeal of order conditionally denying motion to stay discovery pending resolution of dispositive motion in a case involving claims for legal and equitable relief "because in most cases, the scope of discovery as to the injunctive claim is practically the same as that involved in proving damages.").

The Plaintiffs' have not had "an adequate opportunity to conduct discovery" since none of the Defendants have responded to discovery and Santander is in default. *Aponte-Torres v. University of Puerto Rico*, 445 F.3d 50, 59 (1st Cir. 2006) (upholding a district court order granting stay of discovery pending resolution of Rule 12(b)(6) motion to dismiss). In *Aponte-Torres*, the U.S. District Court for the District of Puerto Rico granted the stay of discovery after underscoring the fact that "the defendants' dispositive motion had been fully briefed by all parties" therefore making further discovery irrelevant to the issues raised by the motion to dismiss. *Id*. Discovery orders issued under the procedural circumstances of *Aponte-Torres* are eminently fair and reasonable. *Id*. (citing cases); *McCabe*, 233 F.R.D. at 687 (granting stay of discovery after dispositive motion was fully briefed). Clearly that is not the procedural situation in the case at hand, and Plaintiffs' should be allowed discovery.

- 7 -

***Conclusion***

For the foregoing reasons, the Motion to stay is hereby denied.

SO ORDERED.

Dated this 23d of May, 2008, in San Juan, Puerto Rico.


_____
ENRIQUE S. LAMOUTTE
U.S. Bankruptcy Judge

- 8 -